UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIMBERLY KING,<br><br>Plaintiff,<br><br>v.<br><br>KATE SPADE & COMPANY, *et al.*,<br><br>Defendants. | Civil Action No. 18-3002 (JEB) |

## MEMORANDUM OPINION

Plaintiff Kimberly King's *pro se* suit alleges that, while working as a salesperson for Kate Spade & Company here in Washington, she was discriminated against on the basis of her pregnancy. In now moving to dismiss, the company points out that King did not wait the requisite 180 days after filing her administrative charge before coming to court. As Defendant is correct that Plaintiff has initiated her suit prematurely, the Court will grant the Motion without prejudice so that King can exhaust her administrative remedies.

**I.   Background**

Assuming the facts in the Complaint are true, as it must at this stage, the Court need offer the briefest of synopses. King, hired as a "sales muse" by Kate Spade, alleges that in December 2017 she informed her supervisor of her nascent pregnancy. See Compl., ¶¶ 3-4. (The company points out that the proper Defendant is Tapestry, Inc., which owns Kate Spade Holdings LLC, see Motion at 1 n.1, but this has no effect on the Court's Opinion.) Within two weeks, the company ceased scheduling her for regular shifts and deprived her of other work privileges and incentives. Id., ¶¶ 5, 7.

She ultimately filed a Charge of Discrimination with the D.C. Office of Human Rights on October 24, 2018, see Compl., Exh. 1, and, less than a month later, requested that the Equal Employment Opportunity Commission issue her a Notice of Right to Sue. See Opp., Exh. 1. The Notice, issued November 27, informed her that, although fewer than 180 days had elapsed since the filing of the charge, the EEOC had "determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge." Compl., Exh. 2 at 1.

Having received that Notice, she filed the current action on December 19, 2018, which asserts one count for sex discrimination, presumably under Title VII. See Compl. at 2. Defendant now moves to dismiss.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations marks and citation omitted). In weighing a motion to dismiss, a court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the court] may take judicial notice." EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997). The Court "must treat the complaint's factual allegations as true and must grant [the] plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979))

(internal citations omitted). It need not accept as true, however, "a legal conclusion couched as a factual allegation" or an inference unsupported by the facts set forth in the Complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Even at the Rule 12(b)(6) stage, a Court can review "documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." Ward v. D.C. Dep't of Youth Rehab. Servs., 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (citations omitted); see also Banneker Ventures, LLC v. Graham, 798 F.3d 1119, 1133 (D.C. Cir. 2015) ("A district court may consider a document that a complaint specifically references without converting the motion into one for summary judgment."). In this case, King has included her Charge of Discrimination, her Notice of Right to Sue, and her email exchange seeking the Notice. The Court may, therefore, properly consider these items without converting Defendant's Motion into one for summary judgment.

### III. Analysis

Defendant spends no time in its Motion discussing either fashion or discrimination; instead, it makes one simple point: Plaintiff has jumped the gun. More specifically, she must wait 180 days under 42 U.S.C. § 2000e-16(c) for the full EEOC process to play out before running to court. This is correct. The D.C. Circuit addressed this very question in Martini v. Fed. Nat'l Mortg. Ass'n, 178 F.3d 1336 (D.C. Cir. 1999). Faced with a plaintiff who had, like King, requested a right-to-sue letter within 180 days of the filing of her administrative complaint and then had also filed her federal suit before the full period had run, the Circuit concluded: "We thus hold that Title VII complainants must wait 180 days after filing charges with the EEOC

3

before they may sue in federal court." Id. at 1347.  The basis was that short-circuiting the EEOC process "undermines [the Commission's] express statutory duty to investigate every charge filed."  Id.; see also Murthy v. Vilsack, 609 F.3d 460, 464 (D.C. Cir. 2010) (explaining that Martini "interpreted the 180-day period . . . to be a mandatory waiting period").

Martini did acknowledge that the waiting period is not jurisdictional, but is instead "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."  178 F.3d at 1348 (internal quotation marks and citation omitted).  As Defendant has certainly not waived the defense, having asserted it at the first possible instance, and as King does not posit that some equitable basis should prevent its application, the Court must find her suit premature.

Faced with this unambiguous command from the Court of Appeals, Plaintiff's Opposition largely emphasizes the policy implications behind pregnancy-discrimination laws.  The Court casts no shade on the merits of such points, but notes only that they are irrelevant to the exhaustion question at issue here.  In a Sur-reply, King cites numerous out-of-circuit cases to show that other courts have handled the matter differently from the D.C. Circuit.  See ECF No. 16 at 3-4.  This Court, of course, cannot pick which precedent it most esteems; instead, it has an obligation to follow the law of this Circuit, which, while acknowledging that others have disagreed, has articulated a clear interpretation of the statute at issue.  See Martini, 178 F.3d at 1341.

The Court should also note that it is not terribly helpful for the Commission to deliver a right-to-sue letter to plaintiffs before the 180 days have run, even if plaintiffs so request.  It is possible that some EEOC confusion is caused by the different circuit law, but the Washington Field Office should be cautioning plaintiffs in clearer language than appears in the ambiguous

4

email here that they must wait for the full 180 days to elapse before filing suit in this jurisdiction. The Court trusts the Government will so inform the agency.

Finally, the Court will follow Martini's instruction to dismiss the case without prejudice so that King can return to the EEOC for 180 days minus the days her charge was previously under consideration there, after which she is free to refile her suit here.

## IV.     Conclusion

For the foregoing reasons, the Court will grant the Motion and dismiss the case without prejudice. A separate Order consistent with this Opinion will issue this day.

/s/ James E. Boasberg  
JAMES E. BOASBERG  
United States District Judge

Date: March 13, 2019